UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

|  |  |  |
|---|---|---|
| MARK ANTHONY KRUEMPELMAN, | ) ) ) | Civil No. 2:17-cv-00223-GFVT |
| Plaintiff, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| V. | ) ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff, Mark Anthony Kruempelman, seeks judicial review pursuant to 42 U.S.C. § 405(g), of an administrative decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). For the reasons stated herein, the Court will deny Kruempelman's Motion for Summary Judgment [R. 11], and grant that of the Commissioner [R. 13].

**I**

Kruempelman filed his application for benefits in March 2014 alleging disability beginning in August 2007 due to multiple physical impairments. [Tr. 210.] His application was denied initially and upon reconsideration. [Tr. 120–27; 136—42.] Kruempelman timely requested a hearing before an administrative law judge (ALJ). [Tr. 145–46.] That hearing took place before Judge Peter J. Boylan on August 30, 2016. [Tr. 86.]

Kruempelman was fifty-eight years old on the date of the hearing. [Tr. 92.] He was last insured in December 2012, at which time he was fifty-four years old. [Tr. 103.] Kruempelman has an eleventh-grade education and his past work experience includes working at the same restaurant from 1992 to 2007. [Tr. 223.] Kruempelman alleges disability from a variety of physical impairments, including depression, diabetes, back and shoulder pain, and partial removal of his pancreas. [Tr. 232.] In September 2003, Kruempelman underwent what is known as a "whipple procedure" to remove a portion of his pancreas. [Tr. 317.] He was bedridden for a time following the surgery and his weight dropped down to 106 pounds. [Tr. 317.] By April 2004, however, Kruempelman had returned to restaurant work. [Tr. 326.] At the hearing before Judge Boylan, Kruempelman indicated he was initially able to work full time post-surgery, but eventually had to reduce his hours before stopping altogether in August 2007 due to "weakness." [Tr. 95.] Despite his physical ailments, Kruempelman is still able to do some light work around his home. [Tr. 98.] Additionally, Kruempelman noted at the hearing that his diabetes is well-controlled. [Tr. 95.]

In evaluating a claim of disability, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 404.1520.[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." 20 C.F.R. § 404.1520(d). Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairments experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Fourth, the ALJ must determine whether the clamant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). The plaintiff has the ultimate burden of proving compliance with the first four steps. *Kyle v. Comm'r Of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

In this case, the ALJ issued his written decision on September 26, 2016. [Tr. 7–16.] At Step 1, the ALJ found that Kruempelman had not engaged in substantial gainful activity during the time period from his alleged onset date of August 1, 2007, through is date of last insured of December 31, 2012. [Tr. 12.] At Step 2, the ALJ found that Kruempelman had the following severe impairments: "degenerative disc disease, diabetes mellitus, hypertension, gastroesophageal reflux disease, and affective disorder." *Id.* However, the ALJ concluded that, through the date of last insured, Kruempelman did not have an "impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12

3

consecutive months." *Id.* Therefore, the ALJ concluded that Kruempelman "did not have a sever impairment or combination of impairments" and so was not disabled. *Id.* The analysis did not continue to Step 3. Kruempelman now seeks judicial review in this Court.

## II

This Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citation omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also

4

supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Kruempelman now argues that the Commissioner's decision "was not supported by substantial evidence" [R. 11 at 5.] More specifically, Kruempelman asserts that the ALJ erred by not finding pancreated insufficiency a severe impairment. *Id.*

A

Kruempelman argues that the ALJ's decision is not supported by sufficient evidence because, although the ALJ considered Kruempelman's pancreatic surgery, he "fails to account for Plaintiff's weight loss due to pancreatic insufficiency." The record clearly reflects that Kruempelman underwent a whipple procedure in 2003. [Tr. 12.] Immediately following the procedure, "Plaintiff was bedridden and lost a considerable amount of weight." [R. 11 at 6.] Despite taking digestive enzymes, Kruempelman has been unable to maintain a healthy weight as measured by BMI. *Id.* According to Kruempelman, his weight issues after surgery indicate that he "clearly suffers from pancreatic insufficiency resulting in weight loss." *Id.* Pancreatic insufficiency is recognized in the Listing of Impairments. [*Id.*; 20 C.F.R. § 404, Appendix 1 to Subpart P.] What's more, Kruempelman's BMI is at a listing level. [R. 11 at 7.]

Contrary to Kruempelman's assertion, the ALJ makes note of his generally low BMI. [Tr. 14.] However, the Listings cited by Kruempelman are a tool intended to be used at Step 3 of the ALJ's 5-Step decision making process. [Tr. 14–15.] At Step 2 of his analysis, the ALJ found that "the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the . . . evidence in the record." [Tr. 13.] In support of this conclusion, the ALJ cites instances in the

5

record where Kruempelman reported his back pain was "stable," and medical records showing that Kruempelman's diabetes was well-managed. [Tr. 14.] Additionally, the ALJ relied on the evidence that Kruempelman returned to full-time work following surgery for a number of years before ceasing altogether as evidence that he was not severely impaired following his pancreas surgery. *Id.* Furthermore, even though he claims to suffer from pancreatic insufficiency, Kruempelman cites to no medical record from showing such a diagnosis. [R. 13 at 6.] Having found no severe impairment at Step 2, the ALJ properly did not proceed to Step 3.

As already noted, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and **even if substantial evidence also supports the opposite conclusion**. Kruempelman's account of the severity and intensity of his impairments contradict his medical records, and the ALJ has the task of assigning weight to that evidence. *See Ulman*, 693 F.3d at 714; *Bass*, 499 F.3d at 509; *Her*, 203 F.3d at 389-90. *See Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988) ("Although the record is replete with inconsistent medical reports and [the Claimant's] own conflicting testimony, we acknowledge the discretion vested in the ALJ to weigh all the evidence.") (citing *Myers v. Richardson,* 471 F.2d 1265 (6th Cir. 1972); *Villarreal v. Secretary of Health and Human Services,* 818 F.2d 461 (6th Cir. 1987)); *see also Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.") The District Court does not reweigh the evidence, and the ALJ's decision to give greater weight to the medical records is a valid use of his discretion.

Kruempelman has not offered the Court any reason, other than those already addressed above, as to why this decision is not supported by substantial evidence. The Court has reviewed

the ALJ's opinion and it was thorough, and well-articulated. Kruempelman has given the Court no reason to conclude that the ALJ's decision is unsupported by substantial evidence because, in truth, the decision is so supported

### III

Thus, after reviewing the record, the Court finds that the ALJ's decision finding Kruempelman not disabled is supported by substantial evidence. Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

**ACCORDINGLY**, and the Court being sufficiently advised, it is hereby ordered as follows:

1. Kruempelman's motion for Summary Judgment [R. 11] is **DENIED**;
2. The Commissioner's Motion for Summary Judgment [R. 13] is **GRANTED**;
3. **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

This 1st day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge